## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JACOBY MASON,

      Plaintiff,                                          Case No. 8:20-cv-02376

v.

HUNTER WARFIELD, INC.,

      Defendant.

_____/

## COMPLAINT

**NOW COMES** Jacoby Mason ("Plaintiff"), by and through the undersigned attorney, complaining of Hunter Warfield, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and is headquartered in the  Middle District of Florida and maintains significant business contacts in the Middle District of Florida.

**PARTIES**

5.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6.   Defendant is a debt collection agency with its principal place of business located at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   On December 1, 2019, Plaintiff and his sister moved out of their apartment at Bridgeway Apartments ("Bridgeway") after their lease ended.

8.    In June 2020, Defendant contacted Plaintiff's sister and informed her that she and Plaintiff owed an outstanding balance to Bridgeway for $159.94 ("alleged subject debt").

9.   Defendant acquired the rights to collect upon the alleged subject debt after it was in default.

10. On June 18, 2020, Plaintiff's sister made a payment directly to Bridgeway totaling $159.94 to satisfy the alleged subject debt in full.

11. Despite the alleged subject debt being paid in full, a collection account from Defendant was added to Plaintiff's credit report, reporting the subject debt with a status of "open" and a balance of "$163" and a high balance of "$159."

12. Specifically, Defendant reported the subject debt as follows to Equifax Information Services, LLC:

| HUNTER WARFIELD, INC | $163 |
|---|---|

**Account Details**

| | |
|---|---|
| Last Reported | Jul 26, 2020 |
| Collection Agency | HUNTER WARFIELD, INC |
| Original Creditor | BRIDGEWAY CHATTANOOGA |
| Status | Open |
| Opened Date | Apr 07, 2020 |
| Closed Date | -- |
| Responsibility | Joint Account |
| Balance | $163 |
| High Balance | $159 |
| Remarks | Consumer disputes this account information |

13. As of today, Defendant's erroneous reporting of the subject debt continues to paint a false and damaging image of Plaintiff. Defendant has yet to delete or update the subject tradeline to report accurately.

14. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward financially.

15. The inaccurate and incomplete reporting of subject debt continues to have significant adverse effects on Plaintiff's credit rating and severely affects his ability to obtain financing because it creates a false impression that Plaintiff is delinquent on the subject debt, rendering Plaintiff a high risk consumer and damaging his creditworthiness.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

17. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

18. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

19. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

20. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

21. Defendant violated 15 U.S.C. §1692e, e(2), e(8), and e(10) through its unlawful debt collection practices.

### a.  Violations of FDCPA § 1692e

22. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged subject debt. The alleged subject debt was not owed at the time Defendant reported the debt as being "open."

23. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant reported the subject debt on Plaintiff's Equifax and Experian credit reports despite Plaintiff not owing the alleged subject debt, which had previously been paid to Bridgeway on June 18, 2020. Defendant knew Plaintiff did not have any legal obligation to pay the alleged debt, but despite having actual knowledge, Defendant began reporting the subject debt as unpaid.

24. Defendant violated §1692e(8) by communicating false and inaccurate credit reporting information regarding the subject debt to Plaintiff. Defendant knew or should have known that the subject debt was paid in full and that Plaintiff no longer owed the subject debt as of June 18, 2020.

25. Moreover, Defendant violated §1692e(8) by failing to notate to the credit reporting agency that the alleged subject debt was paid in full by Plaintiff.

26. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe he owed a debt that he did not truly owe, thus hoping to drive Plaintiff to make a payment.

27. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff JACOBY MASON respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

29. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

30. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

31. At all times material hereto, the alleged debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

32. Defendant violated section 559.72(9) of the FCCPA through its unlawful conduct.

**a. Violations of the FCCPA § 559.72(9)**

33. A person violates section 559.72(9) of the FCCPA when it assert the existence of a legal right even though that right does not exist.

34. Defendant violated section 559.72(9) of the FCCPA when it deceptively and misleadingly communicated false and inaccurate credit reporting information regarding the subject debt to Plaintiff. Defendant knew or should have known that the subject debt was paid in full and that Plaintiff no longer owed the subject debt as of June 18, 2020.

**WHEREFORE**, Plaintiff JACOBY MASON respectfully requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 9, 2020                                     Respectfully Submitted,

                                                          /s/ Alexander J. Taylor
                                                          Alexander J. Taylor, Esq.
                                                          Florida Bar No. 1013947
                                                          Sulaiman Law Group, Ltd.
                                                          2500 S. Highland Ave., Suite 200
                                                          Lombard, IL 60148
                                                          Telephone: (630) 575-8181
                                                          ataylor@sulaimanlaw.com
                                                          *Counsel for Plaintiff*